FORD *v.* MARTIN.

5-419                                                         268 S. W. 2d 391

Opinion delivered May 31, 1954.

*James E. McDaniel* and *Adrian Coleman,* for appellant.

*Bailey & Warren, Amicus Curiae.*

GEORGE ROSE SMITH, J. The appellee, W. I. Martin, who is a plumber residing in the town of Black Rock, was employed to do the plumbing work upon a construction job in the city of Paragould. Martin took an examination conducted by the Paragould Board of Plumbing Examiners, but he failed to pass. He then brought this suit to enjoin the board members from interfering with his work upon the job in question. It was Martin's contention in the trial court (he has not filed a brief in this court) that his State license as a master plumber authorizes him to pursue his trade in any city without obtaining a local license. This contention was upheld by the chancellor, who granted the requested relief.

In requiring Martin to take an examination the city was acting under the authority conferred by Ark. Stats., 1947, Title 19, Ch. 37. A city's authority to examine and license plumbers was upheld in *Carville* v. *Smith,* 211 Ark. 491, 201 S. W. 2d 33. It was contended below, however, that the municipal licensing power was impliedly withdrawn by Act 200 of 1951, Ark. Stats., §§ 71-1205, *et seq.*

We think this contention unsound. Section 2 of Act 200 (§ 71-1206) does authorize the State Board of Health to prescribe and enforce minimum plumbing standards and to license master and journeyman plumbers, but throughout the Act the emphasis is upon the Board of Health's *minimum* standards. When it is remembered that the earlier statutes provided no standards at all for incorporated towns and other small communities, it seems clear enough that Act 200 was designed to promote the

public health through the adoption of regulations applicable to all plumbing systems except those in farm buildings outside of any city or town and not connected with a public water or sewer system. Section 71-1216.

Furthermore, three different sections of Act 200 refer to the municipal regulatory authority. Section 4 (§ 71-1208) provides that a city having a waterworks or sewerage system, which Paragould has, may prescribe rules and regulations not in conflict with the Board's minimum standards. Section 5 (§ 71-1209) states that nothing in the Act shall prohibit cities and towns from providing full supervision over plumbing and plumbers. And § 12 (§ 71-1216) expressly permits cities and towns to make additional regulations not in conflict with the State code. We conclude that Paragould was acting within its authority in requiring Martin to demonstrate his skill as a plumber.

The chancellor did not find it necessary to pass upon Martin's second contention, that Paragould's examining board had not been appointed in literal compliance with the statutes. On this issue it is enough to say that the board at least had authority *de facto;* and since this suit was filed the defects complained of have been remedied, leaving Martin free to renew his application for a local license.

Reversed and dismissed.